UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ROY L. RAMBO, JR.,

          Petitioner,

v.

PATRICK A. NOGAN, et al.,

          Respondents.

Civil Action No. 14-0874 (MAS)

**MEMORANDUM AND ORDER**

This matter having come before the Court on a Petition for Writ of Habeas Corpus by Roy L. Rambo, Jr. ("Petitioner") pursuant to 28 U.S.C. § 2254. It appearing:

1. On October 20, 2014, the Court ordered Respondents to answer to the Petition. (Order, Oct. 20, 2014, ECF No. 5.) On February 4, 2015, Respondents submitted their Response. (Resp., ECF No. 11.) However, due to some technical difficulties with the Court's electronic filing system, Respondents were not able to file accompanying exhibits at that time. (*See* Resp't's Letter, Feb. 4, 2015, ECF No. 12.) On February 18, 2015, Respondents filed the exhibits. (*See* ECF Nos. 14-24.)

2. On June 3, 2015, Petitioner submitted a letter to the Court, claiming the Response contained references to certain exhibits that were not part of the February 18, 2015 submissions from Respondents. (*See* Pet.'s Letter, June 3, 2015, ECF No. 29.) Upon review, Respondents informed the Court that indeed three exhibits were missing from the February 18, 2015 submissions, which Respondents attached to their explanation letter. (*See* Resp't's Letter, July 8, 2015, ECF No. 30.)

3. On August 24, 2015, Petitioner filed a Motion to Compel ("Motion"), alleging that there are still missing exhibits, and requesting the Court to order Respondents to file the missing

exhibits. (*See* Mot. 9-16, Aug. 24, 2015, ECF No. 33.) Additionally, Petitioner moves the Court to order Respondents to provide Petitioner with DVD's containing all of the exhibits. (*Id.* at 17.) This Motion is the subject of the instant Order.

4. In the Motion, Petitioner admits that he received paper copies of the exhibits, both from the original submission to the Court, as well as the three missing exhibits later submitted by Respondents. (*Id.* at 9.) However, Petitioner contends that what he received was not all of the exhibits referenced in the Response, and that Respondents intentionally ignored the Court's October 20, 2014 Order to answer. (*Id.*) Petitioner further contends that "[t]he majority of the Petitioner's claims raised in this Habeas Corpus matter are supported by the record and legal arguments in the deficient Exhibits." (*Id.* at 5.) Respondents deny these allegations, and submit that all exhibits relevant to the Response has been filed with the Court. (Resp't's Br. 2, ECF No. 34.)

5. The Court finds Petitioner's arguments in support of the Motion meritless. Ordinarily, the Court's review on habeas is limited to the state court record, and discovery is not permitted unless the Court finds good cause to authorize it. *See Cullen v. Pinholster*, 131 S.Ct. 1388, 1398-99 (2011); Rule 6, Rules Governing Section 2254 Cases ("Habeas Rules"). When the Court orders a respondent to answer, Habeas Rule 5 only requires the respondent to provide to the Court parts of the state court record that it considers relevant to the habeas challenge, not every document contained in the state court record. *See* Habeas Rule 5(c). If, upon review, the Court finds that additional submissions from the state court record is necessary to adjudicate the habeas petition, the Court can order the respondent to provide those additional submissions. *Id.* The Habeas Rules do *not* require the respondent to provide those parts of the state court record that the petitioner deems relevant, nor does Petitioner cite to any authority to the contrary. Indeed, the Habeas Rules

2

require *Petitioner* to submit, as part of the Petition, any supporting documents from the state court record that Petitioner finds relevant. *See* Habeas Rule 4.

6. Here, Respondents assert that they have submitted all exhibits relevant to the Response, which Petitioner disputes. Nothing in the record compels this Court to question Respondents' representation concerning their *own* Response. If Petitioner believes that additional materials from the state court record, beyond those submitted by Respondents, are necessary for this Court's adjudication of the Petition, Petitioner was free to submit them with Petitioner's Reply. Petitioner has not done so. (*See* Reply, ECF No. 35.) As such, unless and until such time that the Court finds Respondents' submissions inadequate, the Court will not entertain Petitioner's request for additional documents.

7. Lastly, as Petitioner admits he has already been served paper copies of all exhibits that Respondents filed with the Court, the Court finds no cause to grant Petitioner's request for a DVD containing all exhibits filed. Federal procedural rules do not require Respondents to serve filings on Petitioner in a format of Petitioner's choosing; in fact, the rules require service in paper unless the parties had agreed to alternative means in advance. *See* Fed. R. Civ. P. 5(b)(2).

IT IS therefore on this 20th day of November, 2015,

ORDERED that Petitioner's Motion to Compel, ECF No. 33, is hereby DENIED; and it is further

ORDERED that the Clerk of the Court shall serve this Order on Petitioner by regular mail.

Michael A. Shipp
United States District Judge

3