**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ROY L. RAMBO, JR., | : |
| Petitioner, | : Civil Action No. 14-0874 (MAS) |
| v. | : OPINION |
| PATRICK A. NOGAN, et al., | : |
| Respondents. | : |

**SHIPP, District Judge**

This matter comes before the Court on the State of New Jersey's (the "State") Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 59(e).[1] (ECF No. 46.) The State seeks an order vacating the Court's September 1, 2017 Opinion and Order (ECF Nos. 44, 45).[2] Petitioner Roy L. Rambo Jr. ("Petitioner") filed opposition.[3] (ECF No. 47.) The Court has carefully considered the parties' submissions and decides the matter without oral argument. For the reasons stated below, the State's Motion is DENIED.

---

[1] The State also filed a Motion to Stay the Court's September 1, 2017 Order and Opinion. (ECF No. 48.) The Court will address the Motion to Stay in a separate opinion.

[2] As the Court noted in its September 1, 2017 Opinion, the State failed to adequately respond to Petitioner's habeas petition with arguments specifically tailored to the petition. (Sept. 1, 2017 Op. 14, ECF No. 44.) Instead, the State relied on its briefing on direct appeal of Petitioner's conviction and Petitioner's PCR application, as well as various state court decisions. (*Id.*) The Court conducted a careful review of the record to ensure that the State's arguments were given proper consideration despite the State's failure to specifically address relevant arguments in its federal court submissions.

[3] The Court reviewed Petitioner's submission but does not set forth his arguments here.

I.  **FACTUAL BACKGROUND**

The Court relies substantially on the facts set forth in its prior opinion granting habeas relief. (*See* Sept. 1, 2017 Op. 2-12, ECF No. 44 ("Prior Opinion").) The Court recites facts here only as necessary for the instant motion.

Petitioner was arrested and charged with murdering his wife, Linda Rambo. (Prior Op. 2.) Petitioner's son was appointed as administrator of the wife's estate in a related probate proceeding in the Superior Court of New Jersey, Chancery Division, and sought to freeze his parents' marital assets. (*Id.* at 2-3.) Petitioner's son argued that the New Jersey Slayer Statute permitted the Chancery Division to freeze the marital assets to prevent Petitioner from squandering assets that may ultimately belong to the wife's estate. (*Id.* at 2.) The Chancery Division granted the son's request. (*Id.* at 3.)

Thereafter, Petitioner moved to unfreeze a portion of the assets, asserting that he was entitled to use the assets for his criminal defense, and denial of access to his assets violated his Sixth Amendment right to counsel. (Prior Op. 3-4.) The Chancery Division denied the motion, finding that his Sixth Amendment right to counsel was not absolute. (*Id.* at 5.) After a jury trial, during which Petitioner proceeded *pro se*, Petitioner was found guilty of murdering his wife. (*Id.* at 6.) Years later, in the probate matter, the Chancery Division found that Petitioner was entitled to $290,314.51 by way of equitable distribution. (*Id.* at 9.) The Chancery Division credited this amount against a subsequent $6,000,000 wrongful death civil judgment against Petitioner in favor of Linda Rambo's estate, and transferred the full amount of Petitioner's entitlement to his wife's estate. (*Id.*)

After his conviction, Petitioner continued to assert his Sixth Amendment claim on direct appeal of his conviction, on direct appeal of his probate matter, and throughout his post-conviction

2

relief ("PCR") application and appeal. (Prior Op. at 10-11.) The Petitioner also filed appeals with the Supreme Court of New Jersey and the Supreme Court of the United States. (*Id*. at 10.) All of Petitioner's appeals were unsuccessful. (*Id*. at 10-11.) The instant Petition followed. (*Id*. at 11.)

## II. <u>STANDARD OF REVIEW</u>

"The scope of a motion for reconsideration" of a final judgment under Rule 59(e) is extremely limited. *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). "The standard of review involved in a motion for reconsideration is high and relief is to be granted sparingly." *Warner v. Twp. of S. Harrison*, 885 F. Supp. 2d 725, 747 (D.N.J. 2012) (citations omitted). The moving party must set forth the factual matters or controlling legal authorities it believes the Court overlooked when rendering its initial decision. *Blystone*, 664 F.3d at 415; L. Civ. R. 7.1(i) (governing motions for reconsideration). To prevail on a motion for reconsideration under Rule 59(e), the movant must show "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [rendered the judgment in question]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.*; *see also U.S. ex rel. Schumann v. AstraZeneca Pharm. L.P.*, 769 F.3d 837, 848-49 (3d Cir. 2014). The third prong requires the movant to show that "dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered." *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 353 (D.N.J. 2001) (citation omitted). A motion for reconsideration is not an opportunity to raise new arguments that could have been raised before the original decision was made. *See Bowers v. NCAA*, 130 F. Supp. 2d 610, 612-13 (D.N.J. 2001). Nor is a motion for reconsideration an opportunity "to ask the Court to rethink what it has already thought through." *See Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002) (citation omitted).

3

## III. DISCUSSION

The State asserts that the Court erred in granting habeas relief because: (i) Petitioner did not exhaust his state court remedies (Resp't's Br. 2-3, ECF No. 46-1); (ii) the actions of a private party, in this case, Petitioner's son, cannot be the basis of a Sixth Amendment claim (*id.* at 6-9); (iii) at the time of the alleged violation, the Supreme Court had not clearly established the Sixth Amendment right under which the Court granted habeas relief (*id.* at 9-13); and (iv) the marital assets at issue are not the equivalent of "untainted" assets (*id.* at 13-15). For the reasons explained below, the Court rejects each of these arguments.

### A. Exhaustion of State Court Remedies

The Court's Prior Opinion addressed the issue of exhaustion of state court remedies. (Prior Op. 17.) The State now raises additional arguments in support of its position, specifically that Petitioner should have filed interlocutory appeals of Chancery Court decisions; however, it is inappropriate to submit new justifications on a motion for reconsideration. *See Interfaith Cmty. Org.*, 215 F. Supp. 2d at 507 (D.N.J. 2002). In any event, the Court is unpersuaded.

The State failed to cite any case law in its original response to Petitioner's habeas petition and similarly fails to cite any case law in its current motion supporting the proposition that an interlocutory appeal is required to exhaust state court remedies. In addition, the Court's independent research did not identify any case law supporting this assertion. Here, based on the Court's extensive review of the record summarized in the Court's Prior Opinion, it is clear that Petitioner raised his Sixth Amendment claim at all levels of the state court during the direct appeal of his conviction, when seeking PCR, and during the related probate proceedings.[4]

---

[4] The State also argues that Petitioner did not quickly appeal Chancery Court actions (Resp'ts' Br. 2-4) and "sat on his rights pending the outcome of his criminal trial." (*Id.* at 5.) As explained in the Court's Prior Opinion, the Court disagrees. (Prior Op. 3-6, 17.) The Court found that Petitioner

4

To be clear, Petitioner fairly presented his constitutional claim to the state court during the PCR process. (Prior Op. 17.) "[T]he substance of the claim presented . . . rather than its technical designation" controls. *Evans v. Court of Common Pleas*, 959 F.2d 1227, 1231 (3d Cir. 1992) (citation omitted). Although the state courts failed to explicitly rule on the constitutional issue during the criminal proceeding,[5] on appeal from denial of Petitioner's PCR application, the Appellate Division found that the constitutional issue had already been decided by the lower court. *State v. Rambo*, No. A-0382-10T2, 2013 WL 512116, at *10-11 (N.J. Sup. Ct. App. Div. Feb. 13, 2013). In its opinion affirming the denial of Petitioner's PCR application, the Appellate Division stated that "[t]he Chancery court's decision [was] not properly before [the Court], and defendant's argument relating to that decision [was] adjudicated on the merits [in the probate matter]." (*Id.* at 11.) As such, the Court again finds that Petitioner properly exhausted his state court remedies, and relief on this ground is denied.

### B. Third Party Action

The State argues that because a third party, Petitioner's son, moved to freeze Petitioner's assets in a separate civil action, the result cannot be the basis of Petitioner's Sixth Amendment claim in the criminal matter. (Resp't's Br. 6-9.) The State asserts that it "never took action to enjoin the defendant's funds[;] [r]ather, a third party restrained assets in a civil matter [and] . . .

---

adequately raised the violation of his Sixth Amendment right to counsel of his choice in the relevant state court proceedings. (*Id.* at 17.) The State further asserts that "[t]he [P]etitioner's failure to exhaust his state remedies is not simply a technical violation, rather it directly caused the alleged error in the criminal case." (Resp't's Br. 6.) Again, the Court disagrees. The Chancery Court order freezing Petitioner's assets and denial of Petitioner's motion to release assets to fund his criminal defense caused the constitutional violation in the criminal case.

[5] The state courts' refusal to adjudicate Petitioner's claim did not amount to procedural default. No state court held that state law barred Petitioner from bringing his claim; the courts simply declined to rule on the issue on jurisdictional grounds.

5

the State did not deprive [P]etitioner of [the] right to counsel of his choice." (*Id.* at 9.) The Court finds no merit in the State's argument.

Habeas relief is not limited to situations where the government deprives a defendant of his constitutional rights. Courts have held that habeas relief is available based on conduct that deprived defendants of a fair trial, none of which were attributable to the prosecution or to the court. *See Stouffer v. Trammell*, 738 F.3d 1205, 1218-19 (10th Cir. 2013) (jury tampering), *Lawson v. Borg*, 60 F.3d 608, 612 (9th Cir. 1995) (juror misconduct), and *Norris v. Risley*, 918 F.2d 828, 831 (9th Cir. 1990) (spectator interference). "[W]e are interested in whether the adversarial process at trial, in fact, worked adequately." *Rompilla v. Horn*, 355 F.3d 233, 259 (3d Cir. 2004) (quoting *Waters v. Thomas*, 46 F.3d 1506, 1512 (11th Cir. 1995)), *rev'd on other grounds*, 545 U.S. 374 (2005). Regardless of the source, if a petitioner is deprived of a fair trial in state court, then he is in custody pursuant to a state court judgment in violation of the Constitution—the touchstone of a habeas claim pursuant to 28 U.S.C. § 2254.

In addition, the Court is not persuaded by either of the two cases the State cites to support its argument. The first is an unpublished case from the District of Utah, *United States v. Johnson*, No. 11-cr-501, 2016 WL 4087351 (D. Utah July 28, 2016), and the second is from the Supreme Court of Vermont, *Estate of Lott v. O'Neill*, 165 A.3d 1099 (Vt. 2017). Neither case is binding on this Court. Moreover, the *Johnson* case is distinguishable and not applicable to the instant situation.[6] As to the *Lott* decision, the Court respectfully declines to follow the analysis provided

---

[6] In *United States v. Johnson*, the district court held that the defendant's Sixth Amendment right to counsel of his choice was not violated, despite his assets being frozen by a court-ordered receiver in another civil matter, because "[b]y the time [defendant] Johnson was indicted in the criminal case, the civil action against him . . . had been proceeding [for] some time, and a Receiver had been appointed . . . by court order." *Johnson*, 2016 WL 4087351, at *3. Accordingly, the facts in *Johnson* involved a prior and unrelated civil matter.

6

by the majority of the Supreme Court of Vermont in its 3-2 split decision. In sum, the Court rejects the State's argument on this ground, and relief is denied.

C. **Clearly Established Law**

Next, the State argues that: (i) the Court should have considered only Supreme Court case law in existence prior to the date Petitioner's conviction became final, unless a case decided after that date "illustrate[s] the prior state of the law[;]"(Resp't's Br. 10) and (ii) the Court relied upon federal law that was not clearly established until the Supreme Court's decision in *Luis v. United States*, 136 S. Ct. 1083 (2016). (*Id.* at 9.)

In its Prior Opinion, the Court applied the principles set forth in *Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617 (1989), and *United States v. Monsanto*, 491 U.S. 600 (1989), in its analysis, not the reasoning of *Luis*. Both of these cases pre-date the Petitioner's conviction. In any event, however, *Luis* is simply a further illustration of the constitutional principles addressed in *Caplin* and *Monsanto*. *See* Federal Habeas Manual § 3:29 (2017) ("A Supreme Court case decided after the relevant state court decision can be considered as illustrative of the proper application of the constitutional principle at issue.") (citing as an example *Wiggins v. Smith*, 539 U.S. 510 (2003)). The *Caplin* and *Monsanto* decisions addressed whether freezing "tainted" assets was proper. *Caplin*, 491 U.S. at 626; *Monsanto*, 491 U.S. at 616. The *Luis* case considered the protections afforded to "untainted" assets, the inverse of the *Caplin* and *Monsanto* cases. *See Luis*, 136 S. Ct. at 1088. Accordingly, the state has not set forth a valid basis for reconsideration and relief is denied on this ground.

### D. Characterization of Marital Assets

On this point, the State essentially disagrees with the Court's Prior Opinion, arguing that "[t]he [P]etitioner had a diminished interest in the property since he was *charged* with killing his wife." (Resp't's Br. 13 (emphasis added).). The Court has already addressed and rejected this argument. (*See* Prior Op. 24.) The State neither asserts new facts nor points to any clear error of law the Court may have made; therefore, relief on this ground is denied.

### IV. CONCLUSION

For the reasons set forth above, the State's Motion is DENIED.

/s/ Michael A. Shipp

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Date: 10/2/17